IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN MILLER, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00310-JB-B |
| | * |
| HEATH JACKSON, | * |
| | * |
|     Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Plaintiff Shawn Miller, who is detained at the Escambia County Jail in Brewton, Alabama, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). When he initiated this action, Miller neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required. Accordingly, the undersigned ordered Miller to either pay the $402.00 filing and administrative fee or file a motion to proceed without prepayment of fees by September 22, 2023. (Doc. 2). The undersigned informed Miller that if he elected to file a motion to proceed without prepayment of fees, he was required to use this Court's standard form for such a motion, to include a certificate completed and signed by an authorized jail official, and to include a financial statement

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(R).

containing all transactions in his inmate account for the six months immediately preceding the filing of his complaint in this action. (Id. at 1).

In response to the Court's order, Miller timely filed a motion to proceed without prepayment of fees on this Court's required form. (Doc. 3). However, Miller did not complete Section VIII of the motion form. (See id. at 5). In addition, Miller's motion did not include the required certificate completed by an authorized jail official, nor did it include Miller's inmate financial statement. (See id.). Thus, in an order dated September 8, 2023, the Court denied Miller's motion without prejudice and ordered him to file a fully completed motion to proceed without prepayment of fees on or before October 10, 2023. (Doc. 4 at 2). The Court again informed Miller that his motion was required to include a financial statement containing all transactions in his inmate account for the six months immediately preceding the filing of his complaint in this action. (Id. at 2-3). In lieu of filing a corrected motion to proceed to proceed without prepayment of fees, Miller was given the option to pay the $402.00 filing and administrative fee by October 10, 2023. (Id. at 3). The undersigned cautioned Miller that his failure to fully and timely comply with the Court's order would result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's orders. (Id.). The Court's order was mailed

2

to Miller at the Escambia County Jail, along with another copy of this Court's form for a motion to proceed without prepayment of fees in a prisoner action.

To date, Miller has neither filed a corrected motion to proceed without prepayment of fees nor paid the $402.00 filing and administrative fee, despite being ordered to do one of those things no later than October 10, 2023.  Miller has not requested additional time within which to comply with the Court's order, he has not indicated that he is unable to comply with the Court's order, and he has not provided any explanation for his failure to timely comply with the Court's order.  Additionally, the order has not been returned to the Court as undeliverable, and an online search reveals that Miller is still incarcerated at the Escambia County Jail, where the Court's order was sent.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–

31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Miller has made no apparent attempt to comply with the Court's order directing him to file a corrected motion to proceed without prepayment of fees or pay the filing fee by October 10, 2023.  Nor has Miller explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply.  Miller's lack of response suggests that he has lost interest in and abandoned the prosecution of this action.  In light of Miller's failure to prosecute this action and failure to obey this Court's order by timely filing a corrected motion to proceed without prepayment of fees or paying the filing fee, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule

4

41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[2]

If Miller disputes the finding that he failed to comply with the Court's order directing him to either file a corrected motion to proceed without prepayment of fees or pay the filing fee, he must set forth in an objection to this report and recommendation the reasons for his failure to timely file a corrected motion to proceed without prepayment of fees or pay the filing fee as directed. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[2] The Court notes that Miller complains of acts or omissions that occurred on or after December 5, 2021. (See Doc. 1 at 4). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Miller would have the ability to refile his claims prior to the expiration of the statute of limitations.

written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **19th** day of **October, 2023.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**